[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The named plaintiff landlord has brought this summary process action for nonpayment of rent against the defendant who entered his pro se appearance and filed his answer admitting the nonpayment of the rent due March 1, 2002, because of housing or health code violations which he described in his special defense as "collapsing ceilings" in the kitchen CT Page 6631 and bedroom and broken windows and doors which he claimed resulted from "several" burglaries that had been reported to the police and to an "assistant building official." A hearing was held on May 10, 2002, to determine the validity of the defendant tenant's claim that he was justified in withholding his monthly rent because of the landlord's duty to "make all repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition . . ." as provided in § 47a-7
(a)(2) of the General Statutes.
The defendant also made the claim at trial that he had not been served with the complaint, and the plaintiff called the marshal who had signed the return on March 27, 2002, who testified that she had made abode service on that date at the defendant's apartment, 66B Union Street in Vernon. The issue of personal jurisdiction, however, is now academic because it has been waived by the defendant's general appearance which was filed on April 19, 2002. Todd v. May, 6 Conn. Cir.Ct. 731, 736 (1973).
Neither party called any town building official as a witness, but a photostatic copy of an unsigned complaint form dated January 14, 2002, that was apparently based on the defendant's telephone call to the building department that the "ceiling was falling down", was offered in evidence. The court reserved decision on the defendant's claim of uninhabitability as alleged in his special defense, and ordered that a signed and certified report of the tenant's complaint, including the inspection of the apartment and any resultant action, if any, taken by the building department be marked into evidence as a court exhibit.
Thereafter, Gene F. Bolles, the town's building official, filed a certified copy of the complaint form which was signed by the assistant building official referred to in the defendant's special defense. The most recent inspection that was made on March 22, 2002, stated that the ceiling "was in [the] same condition as [the] last visit to [the] property [and] in addition front double-hung window was broken and covered with plywood." The report stated that on that date the building official went to the apartment and met with the tenant and also noted in the section dealing with the disposition of the complaint that a sheet rock joint in the bedroom was cracked "and the tape was pulling away from the sheetrock [although] the sheetrock was still secured to the ceiling. [T]he tenant stated that this condition has existed for 3 [years]. Thiscondition appeared to be cosmetic rather than structural." (Emphasis added.)
The tenant must prove by a preponderance of the evidence that the conditions that he complained of justified the withholding of the rent, and that sanction against the landlord requires the defendant to CT Page 6632 establish that there is a substantial violation of housing and health codes that creates a material risk or hazard to the occupant of the premises. Evergreen Corp. v. Brown, 35 Conn. Sup. 549,552. (1978). In order for a tenant to make a successful claim that he had the right to withhold payment of rent, he must show that the landlord's failure to comply with § 47a-7 (a)(2) of the General Statutes materially affects his safety and in order "to establish uninhabitability, the tenant needs to do more than assert a unilateral, self-serving statement that the premises are untenantable." Visco v. Cody, 16 Conn. App. 444, 450 (1988).
For the foregoing reasons, the defendant has not proved his special defense that he was justified in withholding the rent due the landlord as alleged in the complaint and admitted in his answer.
Accordingly, judgment for possession is entered in favor of the plaintiff against the defendant.
____________________ Harry Hammer Judge Trial Referee